OPINION
{¶ 1} Frederick J. Almon pled guilty to escape in the Montgomery County Court of Common Pleas. He was convicted and sentenced to one year in prison. Almon appeals from his sentence.
 {¶ 2} While under detention for a burglary offense, Almon failed to return to detention at an appointed time, allegedly because he was visiting with his family. He was charged with escape, a felony of the third degree. Prior to accepting his guilty plea, the trial court explained to Almon that he would be eligible for probation but that he could also be sentenced to one, two, three, four, or five years in prison, at the court's discretion. The trial court accepted Almon's plea after conducting a full hearing pursuant to Crim.R. 11(C) and sentenced him to one year in prison.
 {¶ 3} Almon raises one assignment of error on appeal.
 {¶ 4} "Appellant's sentence was contrary to the overriding purposes of felony sentencing."
 {¶ 5} Almon contends that his sentence is inconsistent with the purposes of felony sentencing.
 {¶ 6} The overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In furtherance of these goals, the legislature has set forth lists of factors relating to the seriousness of an offense and an offender's likelihood of committing future crimes at R.C. 2929.12(B)-(E). These factors are organized as follows: 1) factors indicating that the offender's conduct is more serious than conduct normally constituting the offense (R.C. 2929.12(B)); 2) factors indicating that the offender's conduct is less serious than conduct normally constituting the offense (R.C. 2929.12(C)); 3) factors indicating that the offender is likely to commit future crimes (R.C.2929.12(D)); and 4) factors indicating that the offender is not likely to commit future crimes (R.C. 2929.12(E)). The trial court is to consider these factors in imposing a sentence, along with any other factors that it finds relevant.
 {¶ 7} In Almon's case, the trial court imposed the shortest allowable prison sentence. In doing so, it found that none of the statutory factors in R.C. 2929.12(B) indicated that this offense was more serious than the conduct normally constituting the offense. The court concluded that one of the factors in R.C.2929.12(C) indicated that this offense was less serious than the conduct normally constituting the offense: Almon had not caused or expected to cause harm to any person or property.
 {¶ 8} With respect to recidivism, however, the trial court found several factors indicating that Almon was likely to reoffend: he was on parole at the time of the instant offense, this was his second felony conviction, he had not responded favorably to previously imposed sanctions, and he had not shown genuine remorse for the offense. The court found no factors tending to show that Almon was unlikely to reoffend.
 {¶ 9} Almon's argument focuses on the factors that the trial court did not discuss. For example, he points out that he had not held a public office or position of trust at the time of the offense and that his offense was not part of an organized criminal activity. These are factors under R.C. 2929.12(B) which, if present, would tend to show that Almon's conduct was more serious than that normally constituting the offense. The trial court agreed with Almon that these factors had not been present.
 {¶ 10} Almon also seems to argue that the trial court should have found that he had acted under strong provocation in committing the offense because he was visiting with his family, including his baby daughter, when he failed to return to detention. Acting under strong provocation is a factor tending to show that an offender's conduct is less serious than the conduct normally constituting the offense. The trial court reasonably rejected Almon's suggestion that visiting with his family amounted to "strong provocation" pursuant to R.C. 2929.12(C).
 {¶ 11} Finally, Almon points out that some of the factors showing a likelihood of recidivism were not present in his case, such as drug or alcohol abuse and the refusal of treatment. The absence of some of the factors, however, does not serve as mitigation or prevent the trial court from considering the factors that are present.
 {¶ 12} The trial court acted reasonably in imposing a one year sentence.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} The judgment of the trial court will be affirmed.
Brogan, J. and Grady, J., concur.